IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50313
Summary Calendar
_____

JAMES B. MITCHELL,

                                    Plaintiff-Appellant,

versus

VAL VERDE COUNTY JAIL,

                                    Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-94-CA-34
- - - - - - - - - -
August 18, 1995

Before GARWOOD, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:*

     James B. Mitchell's motion for leave to proceed *in forma pauperis* (IFP) in the appeal of summary judgment for Val Verde County Jail is DENIED. This court may grant leave to proceed IFP if it finds that the movant raises arguable legal points for appeal. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The movant must also show that he is unable to pay fees or costs. 28 U.S.C. § 1915(d). Mitchell satisfies the economic criterion.

     *     Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Mitchell, however, does not satisfy the nonfrivolous-issue criterion for IFP. A federal district court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *GATX Aircraft Corp. v. M/V COURTNEY LEIGH*, 768 F.2d 711, 714 (5th Cir. 1985); FED. R. CIV. P. 56(c). The standard of appellate review is the same standard as that applied in the district court. *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir. 1989). The record and inferences from the record must be viewed in the light most favorable to the party opposing the motion. *Id*. If the party moving for summary judgment satisfies his burden of showing no genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

Exposure of a prisoner to levels of ETS posing an unreasonable risk of serious health damage may violate the Eighth Amendment if the jailers are deliberately indifferent to the risk. *Helling v. McKinney*, 113 S. Ct. 2475, 2481 (1993). "The legal conclusion of `deliberate indifference[]' . . . must rest on facts clearly evincing `wanton' actions on the part of the defendants." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

> [A] prison official cannot be found liable
> under the Eighth Amendment for denying an
> inmate humane conditions of confinement
> unless the official knows of and disregards

> an excessive risk to inmate health or safety;
> the official must both be aware of facts from
> which the inference could be drawn that a
> substantial risk of serious harm exists, and
> he must also draw the inference.

*Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994).

Chief Deputy Oscar Gonzalez swore that the jail's air-handling system exchanged the air in each cell nine times per hour and that the jail met state standards. Mitchell's medical records indicate that he did not complain to the medical staff about exposure to ETS. Mitchell concedes that he never complained about ETS exposure to prison officials.

The evidence regarding the air-handling system indicates that ETS in the jail was highly unlikely to reach a level that would be recognized as unreasonably toxic. Given the air-handling system, Mitchell's failure to complain to prison officials about ETS exposure in the jail is fatal to his claim. Without complaints from Mitchell, jail officials could not have known about an excessive risk to Mitchell's health. The defendants have carried their summary judgment burden. Mitchell has not carried his burden of designating facts showing a material factual issue. *See Little*, 37 F.3d at 1075.

Finally, this is at least Mitchell's third frivolous appeal. *United States v. Mitchell*, No. 94-50484 (5th Cir. Feb. 2, 1995)(unpublished); *Mitchell v. U.S. Customs Serv.*, No. 94-50039 (5th Cir. May 18, 1994)(unpublished). We warn Mitchell that further frivolous appeals will likely result in sanctions against him.

APPEAL DISMISSED.